UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN TAYLOR,

          Plaintiff,

                                     Case No. 05-CV-72656

vs.

                                     HON. GEORGE CARAM STEEH

CARNIVAL CORP.,

          Defendant.

_____/

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND DISMISSING SHOW CAUSE

This case arises out of an alleged slip and fall by plaintiff Lynn Taylor on defendant Carnival Corporation's ship, Fantasy.  Plaintiff claims she suffered injuries as a result of the slip and fall, which occurred on April 11, 2003.  Defendant submits that plaintiff's claim is time barred and in breach of the forum selection clause contained in the Terms and Conditions of her passenger ticket contract.  Plaintiff contends that she never received a passenger ticket contract, and should not be bound by the Terms and Conditions of the ticket.

FACTUAL BACKGROUND

Plaintiff's husband, Joseph Taylor, purchased a cruise aboard the Carnival Fantasy on February 27, 2003.  Mr. Taylor made the purchase over the Internet by going to Carnival's website.  The cruise was paid for by credit card.  Carnival's records show that a passenger ticket contract, which contained a Sail & Sign Account and

Guest Ticket Contract Acknowledgment were mailed to plaintiff on or about March 14, 2003. (Exhibit B - Booking History). The Guest Claims Manager for defendant states that it is impossible for a passenger to board a Carnival vessel without presenting to the embarkation personnel a Sail & Sign Account and Guest Ticket Contract Acknowledgment and the cruise ticket contract. (Affidavit of Susan Vazquez).

The Taylors' maintain that they never received a Passenger Ticket Contract or any other document which could constitute a written contract between the Taylors and defendant. (Joseph Taylor Affidavit, Lynn Taylor Affidavit).

Carnival retained a copy of the Taylors' "Sign & Sail" application form. (Exhibit C). Mr. and Mrs. Taylor's names are preprinted on the form and it is signed by both of them. Defendant claims that the fact that the form is significant because if the Taylors did not have the form at the time of embarkation, a similar but blank form would have been provided to them.

The Passenger Ticket Contract in use at the time of plaintiff's alleged slip and fall contains a forum selection clause designating Miami, Florida as the agreed-upon and exclusive forum for the resolution of all disputes.

> It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

2

(Paragraph 15 of Passenger Ticket Contract, Exhibit E).  The Passenger Ticket Contract also contains a one year time limitation for any dispute involving a claim of personal injury.

> Carnival shall not be liable for any claims whatsoever for personal injury, illness or death of the guest, unless full particulars in writing are given to Carnival within 185 days after the date of the injury, event, illness or death giving rise to the claim.  Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death, and unless served on Carnival within 120 days after filing. Guest expressly waives all other potentially applicable state or federal limitations.

(Paragraph 14(a) of Passenger Ticket Contract, Exhibit E).

<u>STANDARD FOR SUMMARY JUDGMENT</u>

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  <u>See</u> <u>Redding v. St. Eward</u>, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986); <u>see</u> <u>also</u> <u>Cox v. Kentucky Dept. of Transp.</u>, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" <u>Amway Distributors Benefits Ass'n v. Northfield Ins. Co.</u>, 323 F.3d 386, 390 (6th Cir.

3

2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The

evidence and all reasonable inferences must be construed in the light most favorable to

the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of

some alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)

(emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d

900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there

is no genuine issue of material fact and that it is entitled to judgment as a matter of law,

the opposing party must come forward with "specific facts showing that there is a

genuine issue for trial."  First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968);

see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).  Mere

allegations or denials in the non-movant's pleadings will not meet this burden, nor will a

mere scintilla of evidence supporting the non-moving party.  Anderson, 477 U.S. at 248,

252.  Rather, there must be evidence on which a jury could reasonably find for the non-

movant.  McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

<u>ANALYSIS</u>

I.    **Genuine Issue of Material Fact as to Whether Plaintiff Received Her
      Passenger Ticket Contract Prior to Departure**

Susan Brown Vasquez, Guest Claims Manager for Carnival, confirms that it was

Carnival's routine practice to mail a passenger ticket booklet to all passengers prior to

departure.  In fact, according to Carnival's records, plaintiff and her husband were mailed a passenger ticket contract on March 14, 2003.  (Vasquez Affidavit at ¶ 8). Carnival retained a copy of plaintiff's Sail & Sign application form, which is part of the passenger ticket contract.  The fact that plaintiff's name is preprinted on the form signifies that this is the form that was mailed to plaintiff and her husband.  If the Taylors did not have the form at the time of embarkation, a similar form, without the preprinted name, would have been provided for them.  No passenger can board any Carnival vessel without first presenting a valid passenger ticket contract (Vasquez Affidavit at ¶9).  Finally, the Taylors booked their cruise on Carnival's website, where the terms of the passenger ticket contract are available for viewing.

In response, plaintiff and her husband both provide their affidavits which state that they never received a passenger ticket contract from defendant.  Mr. Taylor explains that he contacted Carnival by telephone when he realized he had not received any trip confirmation.  A Carnival representative confirmed that the Taylors were on the itinerary and the Taylors were directed to show up early for the cruise.  (Joseph Taylor Affidavit at ¶ 7).  At the docking site, Mr. Taylor was directed to sign a document entitled "Sale and Sign Application", which was a single page, and which he understood to be a boarding pass.  (Joseph Taylor Affidavit at ¶8).

The competing affidavits in this case create a question of material fact whether plaintiff received the passenger ticket contract prior to embarking on defendant's cruise. The court cannot determine whether plaintiff is bound by the Terms and Conditions of the ticket as a matter of law.

<u>CONCLUSION</u>

Defendant's motion for summary judgment is DENIED for the reasons stated above.


<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  March 1, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 1, 2006, by electronic and/or ordinary mail.


<u>s/Josephine Chaffee</u>
Secretary/Deputy Clerk